IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DR. LAKSHMI ARUNACHALAM,     :
                             :
            Plaintiff,       :
                             :
      v.                     :     Civil Action No. 15-259-RGA
                             :
GEORGE PAZUNIAK, et al.,      :
                             :
            Defendants.      :

---

Dr. Lakshmi Arunachalam, Menlo Park, California.  *Pro Se* Plaintiff.

George Pazuniak, Esquire, Wilmington, Delaware.  Counsel for Defendants George Pazuniak and George Pazuniak Law Firm LLC (Pazuniak Law Office LLC).

Sean T. O'Kelly, Esquire and Ryan M. Ernst, Esquire, O'Kelly, Ernst & Bielli, LLC, Wilmington, Delaware.  Counsel for Defendant O'Kelly, Ernst & Bielli, LLC.

**MEMORANDUM OPINION**

February 24, 2016
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Dr. Lakshmi Arunachalam, who appears *pro se* and has paid the filing fee, filed this action on November 14, 2014 in the United States District Court for the Northern District of California. (D.I. 1). The thirty-page long First Amended Complaint, filed December 1, 2014, is the operative pleading. (D.I. 13). The matter was transferred to this court on March 25, 2015. (D.I. 99, 100). The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) by reason of diversity. Defendants George Pazuniak, George Pazuniak Law Firm LLC,[1] and O'Kelly, Ernst & Bielli, LLC move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and George Pazuniak and George Pazuniak Law Firm LLC move for sanctions pursuant to Fed. R. Civ. P. 11. (D.I. 31, 81, 108). Plaintiff opposes. Briefing on the matter has been completed. (D.I. 32, 33, 33, 49, 50, 59, 61, 90, 91, 92, 109, 110, 111, 112, 116, 118, 119, 120).

## BACKGROUND

Dr. Arunachalam, a California resident, is the "the sole inventor/owner of early Internet patents" relating to "real-time Web transactions from Web applications." (D.I. 13 at ¶ 12). George Pazuniak is "an attorney licensed to practice law in Delaware with an office in Wilmington, DE" and George Pazuniak Law Firm LLC, "[was] a law firm duly organized and existing under the laws of the State of Delaware with its principal place of business in the City of Wilmington, Delaware." (*Id.* at ¶¶ 2-3). O'Kelly, Ernst & Bielli, LLC is "a law firm duly organized and existing under the laws of the State of Delaware with its principal place of business in the City of Wilmington, Delaware and also in

---

[1]Pazuniak advises that there is no entity known as George Pazuniak Law Firm LLC as named in the Amended Complaint, although the Pazuniak Law Office LLC does exist. The Court refers to George Pazuniak Law Firm LLC as it is the named defendant.

Philadelphia, PA." (*Id.* at ¶ 4). Dr. Arunachalam hired Pazuniak to litigate a series of patent cases from 2011 through 2013 "based upon his representation that he is a patent litigator and would provide competent counsel to competently conduct her patent cases." (*Id.* at ¶ 13).[2] Dr. Arunachalam alleges that Pazuniak "joined the O'Kelly Law Firm during the course of her patent litigation, and Pazuniak and O'Kelly Law firm became the Plaintiff attorneys in her patent cases." (*Id.* at ¶ 13).

As alleged, with the assistance of Defendants, Dr. Arunachalam sued a number of corporations for patent infringement in the District of Delaware in 2013 and 2014. (*Id.* at ¶ 19). Dr. Arunachalam's claims in this action all arise out of Defendants' representation in those patent infringement proceedings.

Counts One, Two, Three, and Five are raised against all Defendants and allege legal malpractice (*id.* at ¶¶18-30), negligence (*id.* at ¶¶ 31-34), breach of fiduciary duty (*id.* at ¶¶ 35-44), and failure to provide competent representation (*id.* at ¶¶ 56-61). Count Four is raised solely against Pazuniak and alleges that he did not follow instructions. (*Id.* at ¶¶ 45-55). Count Eleven is raised against Pazuniak and the George Pazuniak Law Firm LLC and seeks a declaratory judgment "regarding libel." (*Id.* at ¶¶ 81-85).

Counts Six, Seven, Eight, Nine, and Ten appear to be directed only against Pazuniak. Count Six alleges intimidation, harassment, blackmail, fraud, drinking, false billing, bullying, duress, collusion with defense counsel and new appellate counsel,

---

[2] It appears the date of hire was January 25, 2012, and that the clients were WebXchange, Inc., Pi-Net International, Inc., and Dr. Arunachalam. (D.I. 31-4 at 37 (retainer agreement)).

2

conspiracy to commit fraud and intentional breach of fiduciary duty, unauthorized violation of attorney-client privilege, breach of ethical obligations, threats, and racial slurs. (*Id.* at ¶¶ 62-74). Count Seven alleges sexual harassment, racial slurs, and personal injury (*id.* at ¶¶ 75-77), Count Eight alleges financial damage (*id.* at ¶¶ 78), Count Nine alleges elder abuse (*id.* at ¶ 79), and Count Ten alleges breach of contract (*id.* at ¶ 80).

When the case was in the Northern District of California, O'Kelly, Ernst & Bielli, LLC filed a motion to dismiss for lack of subject matter jurisdiction, asserting that Dr. Arunachalam did not have standing to prosecute the action, as the patents at issue belonged to corporate entities at the time of the underlying litigation. (D.I. 75). O'Kelly, Ernst & Bielli, LLC argued that, because Dr. Arunachalam is not an attorney, she may not bring claims on behalf of those corporations. (*Id.* at 4). In her opposition, Dr. Arunachalam contended the allegation was untrue and that she was the "assignee of and owned the majority of the patents" at the time the underlying patent infringement actions were brought. (D.I. 78 at 7, ¶ 15). Although O'Kelly, Ernst & Bielli, LLC asked the California District Court to take judicial notice of certain court documents to conclude that Dr. Arunachalam did not own any of the patents at the time of any of the underlying litigation, the California District Court concluded that, even were it to take judicial notice of the documents, "they would not conclusively establish that, contrary to [Dr. Arunachalam's] pleading, Defendants did not represent [Dr. Arunachalam] in any patent infringement actions brought on behalf of patents owned by [her]." (D.I. 99 at 3 (emphasis omitted)). The California District Court denied O'Kelly, Ernst & Bielli's motion to dismiss for lack of subject matter jurisdiction, "[b]ecause Plaintiff has pled that

3

Defendants litigated patent infringement actions on her behalf [D.I. 13 at ¶ 12], and

Defendant O'Kelly has not conclusively established that all of the underlying litigation

was on behalf of a corporate entity rather than Plaintiff personally." (D.I. 99 at 3).

Pazuniak and George Pazuniak Law Firm LLC move for dismissal pursuant to

Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of standing and for failure to state claims

upon which relief may be granted.  O'Kelly, Ernst & Bielli, LLC again move for dismissal

on the grounds that Dr. Arunachalam lacks standing to prosecute this action.

## MOTIONS TO DISMISS

### Standards of Law

Defendants seek dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the

Federal Rules of Civil Procedure and have submitted matters of public record as well as

documents referred to in the First Amended Complaint in support of their motion.

> In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally
> consider only the allegations in the complaint, exhibits attached to the
> complaint, matters of public record, and documents that form the basis of
> a claim.  A document forms the basis of a claim if the document is
> 'integral to or explicitly relied upon in the complaint.'  The purpose of this
> rule is to avoid the situation where a plaintiff with a legally deficient claim
> that is based on a particular document can avoid dismissal of that claim
> by failing to attach the relied upon document.  Further, considering such a
> document is not unfair to a plaintiff because, by relying on the document,
> the plaintiff is on notice that the document will be considered.

*Lum v. Bank of Am.*, 361 F.3d 217, 221-22 n.3 (3d Cir. 2004) (internal citations

omitted).  The documents submitted to the Court that are matters of public record may

properly be considered in ruling on Defendants' motions to dismiss.  However,

Defendants have also included lengthy declarations of George Pazuniak and Ryan M.

Ernst, reciting their version of relevant facts, and they will not be considered by the Court. (*See* D.I. 81, 110).

Because Dr. Arunachalam proceeds *pro se*, her pleading is liberally construed and her First Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

### Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Constitution Party of Pa. v. Aichele,* 757 F.3d 347, 357-58 (3d Cir. 2014). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," and the standards relevant to Rule 12(b)(6) apply. *Id.* at 358 (quoting *In re Schering Plough Corp.,* 678 F.3d 235, 243 (3d Cir. 2012)).

In reviewing a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the Court's subject matter jurisdiction over a

5

complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891.

**Rule 12(b)(6)**

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

6

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570).

For the reasons discussed below, the First Amended Complaint will mostly be dismissed. Dr. Arunachalam will be given leave to file a second amended complaint.

## Discussion

### Non-Existent Defendant

The First Amended Complaint names George Pazuniak Law Firm LLC as a Defendant. Pazuniak advises that the entity does not exist. Plaintiff does not seem to contest Pazuniak's assertion, although she has not moved to amend or correct the misnamed Pazuniak law firm. Nevertheless, I am not sure that I can simply dismiss a defendant because it is asserted that the defendant does not exist. Thus, at this time, I will not grant Pazuniak's motion to dismiss George Pazuniak Law Firm LLC on this ground.

### Standing

Defendants argue that the First Amended Complaint must be dismissed for lack of standing. As discussed above, the California District Court previously denied O'Kelly, Ernst & Bielli, LLC's motion that raised the issue. In addition, it seems likely that Dr. Arunachalam as a client has standing for a claim of breach of contract that she signed in her individual capacity. Due to the prolix and conclusory nature of much of the First Amended Complaint, it is not clear that Dr. Arunachalam has standing to raise

7

all the claims she wants to raise. The issue of standing cannot readily be determined at
this time. Therefore, the motions to dismiss on the basis of lack of standing and the
assignment of legal malpractice claims will be denied without prejudice to renew.

### Legal Malpractice, Counts One, Two, Four, Five, Eight

Dr. Arunachalam's main complaint is that Defendants' alleged legal malpractice
caused her harm. Under Delaware law, a valid action for legal malpractice must pass
the following three-prong test: (1) employment of the attorney; (2) neglect of a
professional duty by the attorney; and (3) loss resulting from the attorney's neglect.
*See Oakes v. Clark*, 2012 WL 5392139, at *3 (Del. Super. Ct.), *aff'd*, 69 A.3d 371 (Del.
2013). In addition, in order to sustain the loss element, a plaintiff must demonstrate
that, but for the attorney's neglect, the plaintiff would have been successful. *See id.*

The Court first observes that the First Amended Complaint is driven by
allegations against Pazuniak. The allegations against the O'Kelly law firm are entirely
based on the allegation that Pazuniak was an agent of the firm, acting within the scope
of his employment. (D.I. 13, ¶ 6). Many of the claims only name Pazuniak as a
defendant. Some of the claims are very badly pled.

Second, in raising a legal malpractice claim, there must be employment of an
attorney. It is not clear from the First Amended Complaint if Dr. Arunachalam,
personally; Pi-Net International, Inc.; WebXchange, Inc.; or some other entity is the
client who employed counsel, even though it appears from Pazuniak's submission that
it is all three. (D.I. 31-4 at 37). It is not clear which claims Dr. Arunachalam is asserting
on her own behalf, and which on behalf of Pi-Net or WebXchange (which she may not

8

do). There is no assertion that any legal malpractice claims of any corporation have been assigned to Dr. Arunachalam at any particular time.[3]

In addition, while many of Counts in the First Amended Complaint do not stand on their own, they contain allegations that could possibly be construed as alleging legal malpractice. For example, in Counts One, Two, Four, Five, and Eight the allegations of legal malpractice, negligence, the failure to follow client instructions, the failure to provide competent representation, and damages as a result of alleged malpractice, all speak to Dr. Arunachalam's dissatisfaction with the legal representation received, and although some are conclusory, they could fall under the umbrella of legal malpractice. Thus, allowing for the low standard of pleading required of a *pro se* litigant, Counts One, Two, Four, Five, and Eight could be considered as one claim by Dr. Arunachalam asserting legal malpractice against all defendants, limited to their representation of her. It is not clear, however, that she alleges that any of the conduct of which she complains occurred in any case in which she individually filed suit. Therefore, the legal malpractice claims will be dismissed for failure to state a claim, with leave to amend. Any amended complaint should specify, for any litigation involving a corporation, why Dr. Arunachalam can bring the lawsuit. Alternatively, if the litigation involved Dr. Arunachalam individually, she should identify the relevant lawsuits and what the harm done in them was.

---

[3]Because the Amended Complaint is deficiently pled, the Court will not address the issue of whether legal malpractice claims may be assigned under Delaware law.

9

### Breach of Fiduciary Duty, Count Three

Count Three attempts to raise a claim for breach of fiduciary duty. While not clear it appears that some of the allegations concern a dispute over funds in an escrow account.[4]

In order to prevail on a breach of fiduciary duty action, Dr. Arunachalam must demonstrate the attorney-client relationship between Defendants and Plaintiff was fiduciary in nature. *Grace v. Morgan*, 2004 WL 26858, at *2 (Del. Super. Ct. 2004). Generally, a fiduciary relationship requires "a special trust relationship between the parties," *id.*, and typically develops when one party "reposes special trust in another or where a special duty exists on the part of one person to protect the interest of another," *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 872 A2d 611, 624 (Del. Ch. 2005), *aff'd in part, rev'd in part*, 901 A.2d 106 (Del. 2006) (citations omitted). A fiduciary is "one who is entrusted with the power to manage and control the property of another," and corporations, partnerships, trusts, and estates typically exhibit the characteristics of a fiduciary relationship. *Bond Purchase, L.L.C. v. Patriot Tax Credit Props., L.P.*, 746

---

[4]The Court takes judicial notice of a lawsuit pending in the Court of Common Pleas for the State of Delaware in and for New Castle County filed by the Pazuniak Law Office LLC against Pi-Net International, Inc. to resolve claims over a disputed escrow balance, *Pazuniak Law Office LLC v. Pi-Net Int'l, Inc.*, Civil Action No. CPU4-14-002727. (D.I. 33 at Exs. N, O, P). The complaint was amended on November 26, 2014, and added (among other things) a libel claim and new parties in Dr. Arunachalam and Pazuniak. (D.I. 13 at Ex. A; D.I. 31 at 7). To the extent Dr. Arunachalam raises claims in Count Three that are currently pending in State Court, the Court will have to consider abstention under the *Younger* abstention doctrine, which provides that a federal district court must abstain from hearing a federal case that interferes with state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

A.2d 842, 864 (Del. Ch. 1999); *see also Sokol Holdings, Inc. v. Dorsey & Whitney, LLP*, 2009 WL 2501542, at *3-4 (Del. Ch. 2009).

An attorney may take on a fiduciary role "in narrow circumstances;" *Rich Realty, Inc. v. Potter Anderson & Corroon LLP*, 2011 WL 743400, at *3 (Del. Super. Ct. 2011), for example, when an attorney "is acting in a second capacity like a trustee or corporate manager[,]" "[s]uch as in the case of client trust accounts." *Sokol Holdings, Inc.*, 2009 WL 2501542, at *4. Simply labeling an attorney a fiduciary is insufficient because nomenclature does not establish duties. *Dickerson v. Murray*, 2015 WL 447607, at *5 (Del. Super. Ct. 2015). "[A]n attorney must act in some capacity beyond the mere provision of legal services to owe actionable fiduciary duties." *Id.* (citation omitted).

Count Three appears to directed solely towards Pazuniak. While there are allegations in Count Three that could possibly lead to a breach of fiduciary claim, others complain of what might be considered as legal malpractice, dissatisfaction with legal services and/or treatment by counsel, and breach of contract.

Finally, the First Amended Complaint fails to allege factual contentions sufficient to determine the existence of a special trust or relationship to substantiate a breach of fiduciary duty claim between Dr. Arunachalam and any Defendant. To the extent Dr. Arunachalam complains of the rendering of legal services, that alone does not establish a fiduciary relationship. To the extent the First Amended Complaint attempts to allege a fiduciary relationship, it is unclear between whom the alleged fiduciary relationship exists. Thus, Count Three will be dismissed for failure to state a claim, with leave to amend.

### Fraud and Other Claims, Count Six

Count Six alleges intimidation, harassment, blackmail, fraud, drinking, false billing, bullying, duress, collusion with defense counsel and new appellate counsel, conspiracy to commit fraud and intentional breach of fiduciary duty, unauthorized violation of attorney-client privilege, breach of ethical obligations, threats, and racial slurs. This claim, which describes a total breakdown of an attorney-client relationship, might better be described as an "everything-but-the-kitchen-sink" claim. Pazuniak moves to dismiss Count Six for failure to state a cause of action for fraud and conspiracy to commit fraud.

Count Six is pled in a conclusory manner without facts to support a cause of action. In addition, while Count Six refers to fraud, it also contains a host of other claims, some of which might fall under a legal malpractice theory, while others do not state a claim at all. For example, the First Amended Complaint alleges violations of professional standards, but Delaware Courts have held violations of a canon of ethics or professional standards, standing alone, are not actionable because the Rules of Professional Conduct themselves were not intended to provide independent causes of action. *See Flaig v. Ferrara*, 1996 WL 944860, at *3 (Del. Super. Ct. 1996) ("use of the Rules as a legal standard to show an independent breach of a duty would be directly contrary to Delaware Supreme Court precedent and the Scope of the Rules").

Finally, to the extent that Dr. Arunachalam seeks to allege fraud, she must do so in accordance with Fed. R. Civ. P. 9(b) which requires that the allegations be stated with particularity. Rule 9(b) requires a plaintiff to plead the "who, what, when, where, and how" of the conduct giving rise to the claim. *See Weske v. Samsung Elec., Am.,*

12

*Inc.*, 934 F. Supp. 2d 698, 703 (D.N.J. 2013). The purpose of Rule 9(b) is "to provide

defendants with notice of the precise misconduct that is alleged and to protect

defendants' reputations by safeguarding them against spurious allegations of immoral

and fraudulent behavior." *Naporano Iron & Metal Co. v. American Crane Corp.*, 79 F.

Supp. 2d 494, 511 (D.N.J. 2000).

> Under Delaware law, common law fraud requires:

> (1) a false representation, usually of fact, made by the defendant; (2) the
> defendant's knowledge or belief that the representation was false, or was
> made with reckless indifference to the truth; (3) an intent to induce the
> plaintiff to act or to refrain from acting; (4) the plaintiff's action or inaction
> taken in justifiable reliance upon the representation; and (5) damage to
> the plaintiff as a result of such reliance.

*Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983).

To the extent the First Amended Complaint intends to plead fraud (and nothing

in the claim as presently constituted sounds in fraud), the claim does not satisfy the

particularity requirements of Rule 9(b) and does not contain the elements of a fraud

claim under Delaware law. It will therefore be dismissed for failure to state a claim, with

leave to amend.

### Sexual Harassment, Count Seven; Elder Abuse, Count Nine

Count Seven alleges sexual harassment and racial slurs while Count Nine

alleges elder abuse. Pazuniak moves to dismiss for failure to state a claim. Under

Delaware law, if properly stated, a client's claim against an attorney for sexual

harassment could be the basis for a claim of intentional infliction of emotional distress.

*See e.g.*, *Brett v. Berkowitz*, 706 A.2d 509, 511 (Del. 1998). The same could possibly
be true for racial harassment or elder abuse.[5]

Intentional infliction of emotional distress requires that one intentionally or
recklessly causes severe emotional distress to another by conduct that a reasonable
person would consider extreme or outrageous. *See*, *e.g.*, *Rhinehardt v. Bright*, 2006
WL 2220972, at \*4 (Del. Super. Ct. 2006). Counts Seven contains allegations of such
conduct, which, liberally construed, are that Pazuniak yelled at her, used sexually
profane and crude language, and used derogatory racial references. Count Nine adds
nothing. The motion to dismiss is denied as to Count Seven, construed as a claim of
intentional infliction of emotional distress, and granted as to Count Nine.

### Breach of Contract, Count Ten

Count Ten alleges breach of contract. Pazuniak moves for dismissal on the
grounds that the claim does not properly plead a breach of contract claim.

Under Delaware law, to state a claim for breach of contract, a plaintiff must
allege: (1) the existence of a contract; (2) a breach by defendant of an obligation
pursuant to the contract; and (3) damage to the plaintiff as a result of the defendant's
breach. *See VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).

Count Ten is badly pled as it contains a number of conclusory non-contract
claims including fraud and legal malpractice. The First Amended Complaint refers to a
contingency fee agreement, monies allegedly owed to Dr. Arunachalam, and alleges in

---

[5] Delaware law provides a statutory remedy for elder abuse. 6 Del. C. § 2583.
However, the Act provides a private right of action only to elderly victims of consumer
fraud and is inapplicable to the allegations in the First Amended Complaint.

14

a conclusory manner that "Pazuniak not providing competent representation was a

breach of contract." (D.I. 13 at 26). It does, however, allege improper disbursements

from settlements, and that Pazuniak advanced monies on expenses without prior

approval. Thus, there is a kernel of a claim in the allegations of failing to pay Dr.

Arunachalam from the settlements and paying other fees, but the allegations are too

vague to stand. In order for the allegations of failure to pay to be plausible, Dr.

Arunachalam needs to state specifically the amounts that were due, when they were

due, why they were due, and to whom they were due. I will therefore grant the motion

to dismiss the breach of contract claim for failure to state a claim, with leave to amend.

### Declaratory Judgment of No Libel, Count Eleven

Count Eleven is raised against Pazuniak and the George Pazuniak Law Firm,

and references *Pazuniak Law Office LLC v. Pi-Net International, Inc.*, Civil Action No.

CPU4-14-002727, the case filed by Pazuniak in the Court of Common Pleas that raises

libel claims against Dr. Arunachalam and Pi-Net. Count Eleven alleges that the State

complaint is frivolous and appears to ask the Court to enter a declaratory judgment that

Dr. Arunachalam did not commit libel. Pazuniak moves for dismissal on the grounds

that the claim is currently pending in State Court and Dr. Arunachalam has provided no

basis for this Court to interfere in the State Court proceedings.

In the State case, the complaint was amended November 26, 2014, to include

the libel claims. The original complaint in this case did not have a counterpart to Count

Eleven. Count Eleven was added in the First Amended Complaint in response to the

amendment in the state case. Thus, it seeks to contest in federal court a claim that was

already pending in State Court. Because the libel claims are currently pending in State

Court, the Court must abstain from Count Eleven under the *Younger* abstention doctrine. *See* n.4, *supra*; *see also Tast v. Dean*, 182 F. App'x 748 (10th Cir. 2006) (*Younger* abstention doctrine precluded district court from adjudicating federal action since state court libel and slander action was pending). Thus, Count Eleven will be dismissed.

## MOTION FOR RULE 11 SANCTIONS

Pazuniak and George Pazuniak Law Firm LLC move for Rule 11 sanctions against Dr. Arunachalam for filing the First Amended Complaint without reasonable inquiry into the law and facts. Pazuniak and George Pazuniak Law Firm LLC assert that the material facts as alleged in the First Amended Complaint are false as evidenced by emails and documents from Dr. Arunachalam's files. Dr. Arunachalam opposes the motion and argues that it is frivolous and has no support in either fact or law.

"The legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citing *Business Guides v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533, 546-47 (1991)). Reasonableness in the context of Rule 11, is "an objective knowledge or belief at the time of the filing of the challenged paper that the claim was well-grounded in law and fact." *Id.* Sanctions are appropriate only if "the filing of the complaint constituted abusive litigation or misuse of the court's process." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994).

Under Rule 11(b)(2), a *pro se* litigant is required to conduct a reasonable inquiry into the legal underpinnings of his or her claims before signing a complaint. *See also*

16

1993 Advisory Committee Note ("[Subdivision b requires] attorneys and *pro se* litigants
to conduct a reasonable inquiry into the law and facts before signing pleadings, written
motions, and other documents, and prescribing sanctions for violation of these
obligations . . . . The rule requires litigants to 'stop and think' before initially making
legal or factual contentions . . . .") Hence, Dr. Arunachalam's status as a *pro se* litigant
does not shield her from Rule 11 sanctions. *See Johnson v. United States*, 607 F.
Supp. 347, 349-50 (E.D. Pa.1985) (sanctions imposed upon *pro se* plaintiff for failing to
make reasonable inquiry before filing petition to quash summons).

The Court may only impose Rule 11 sanctions in exceptional circumstances.
Here, the Rule 11 Motion goes to the heart of the allegations raised in the First
Amended Complaint. As previously discussed, the First Amended Complaint mostly
will be dismissed. Therefore, the Court will deny the Motion for Rule 11 Sanctions
without prejudice to renew.

## CONCLUSION

For the above reasons, the Court will: (1) grant in part and deny in part the
motion to dismiss the First Amended Complaint filed by Defendants George Pazuniak
and George Pazuniak Law Firm LLC (D.I. 31); (2) deny without prejudice to renew the
second amended motion to dismiss filed by O'Kelly, Ernst & Bielli, LLC (D.I. 108);
(3) deny without prejudice the motion for Rule 11 sanctions filed by Defendants George
Pazuniak and George Pazuniak Law Firm LLC (D.I. 81); and (4) dismiss the First
Amended Complaint except for Count Seven (construed as a claim of intentional
infliction of emotional distress). Dr. Arunachalam is given leave to file a second

17

amended complaint.  All common claims shall be contained in a single count (e.g., all

legal malpractice claims in a single count; all fraud claims in a single count).

An appropriate order will be entered.

_____

UNITED STATES DISTRICT JUDGE

18