IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DR. LAKSHMI ARUNACHALAM,        :
                                :
            Plaintiff,          :
                                :
        v.                      :       Civil Action No. 15-259-RGA
                                :
GEORGE PAZUNIAK,                :
                                :
            Defendant.          :

**ORDER**

  I signed a scheduling order on November 28, 2018.  (D.I.  214).  Among other things, it provided for Rule 26(a)(1) initial disclosures "within five days of the date of this Order."  *Id.* at 1.  Pursuant to Fed. R. Civ. P. 6(a)(1), the deadline was thus December 3, 2018.  Plaintiff filed her initial disclosures on December 3; Defendant did so on December 5.  (D.I. 220, 222).

  The scheduling order also provides a procedure for resolving discovery disputes, which does not allow for the filing of discovery motions.  (D.I. 214 at 2-3).

  Plaintiff filed a "motion to compel disclosure and sanctions" on December 4, 2018.  (D.I. 221).  It did not include a statement pursuant to Local Rule 7.1.1, although it did not have to as Plaintiff is a *pro se* party.  The rule applies "[e]xcept for civil cases involving pro se parties . . . ."  D.Del. LR 7.1.1.

  Defendant responded, claiming Plaintiff violated the scheduling order and the Local Rule.  (D.I. 223).  I do not think her motion violates the Local Rule, as she is *pro se*.  Defendant also claimed the local practice was not to include weekends in the counting.  Once upon a time,

Page 1 of 2

that was the rule, but the rule was amended in 2009.  Thus, Defendant was late.  Nevertheless,

Plaintiff's motion clearly is a discovery motion, and filed in violation of the scheduling order.  It

is denied without prejudice.  (*See* D.I. 214 at 3).

IT IS SO ORDERED this *19* day of March 2019.

United States District Judge